1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE SCHOOL DISTRICT NO. 1,

            Plaintiff,

   v.

KURT BENSHOOF,

            Defendant.

CASE NO. 2:23-cv-1829

ORDER TO SHOW CAUSE

On November 28, 2023, Plaintiff Seattle School District ("District") filed this lawsuit for declaratory relief. Dkt. No. 1. The District seeks a declaratory judgment that it is prohibited from releasing information sought by Defendant Kurt Benshoof about his son because, the District argues, a state court protective order prohibits Benshoof from stalking protected persons, including his son. Dkt. No. 3 at 10–11. The District claims the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331—federal question jurisdiction—because the District seeks a declaratory ruling about the operation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g).

ORDER TO SHOW CAUSE - 1

1    The Court has an ongoing obligation to ensure its subject matter jurisdiction,

2 and after reviewing the District's Complaint, the Court is concerned about whether

3 it has jurisdiction here. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.

4 2004) (indicating that district courts are "obligated to consider *sua sponte* whether

5 [they] have subject matter jurisdiction"); *see Corral v. Select Portfolio Servicing,*

6 *Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) ("'Federal courts are courts of limited

7 jurisdiction . . . . It is to be presumed that a cause lies outside this limited

8 jurisdiction, and the burden of establishing the contrary rests upon the party

9 asserting jurisdiction.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

10 U.S. 375, 377 (1994)).

11    Here are the Court's concerns: the Declaratory Judgment Act does not

12 provide an independent basis for federal subject matter jurisdiction. *Nationwide*

13 *Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) ("[T]he Declaratory

14 Judgment Act does not by itself confer federal subject-matter jurisdiction . . . .").

15 Instead, the Act merely gives the Court discretion to hear an action that is already

16 within its jurisdiction. *See* 28 U.S.C. § 2201(a). Thus, courts must look to the

17 underlying subject matter of the dispute to determine whether they have

18 jurisdiction over declaratory judgment actions. Here, the Court reads *Gonzaga*

19 *Univ. v. Doe* to say that there is no private right of action under FERPA. *See* 536

20 U.S. 273, 287 (2002).

21    Accordingly, the Court ORDERS the District to SHOW CAUSE why the

22 Complaint should not be dismissed without prejudice for lack of subject matter

23 jurisdiction. The District's brief may not exceed 2,100 words. The District must file

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

a response no later than 21 days from the date of this Order. If the District fails to file a timely response or fails to adequately allege federal subject matter jurisdiction, the Court will dismiss this action without prejudice. Benshoof is also permitted, but not required, to submit concurrent briefing on the issue. His brief, if any, must not exceed 2,100 words and must be submitted within 21 days of this Order.

Dated this 30th day of April, 2024.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 3