UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Plaintiff,<br><br>v.<br><br>KURT BENSHOOF ,<br><br>Defendant. | CASE NO. 2:23-cv-1829<br><br>ORDER DENYING MOTION TO DISQUALIFY |
| KURT BENSHOOF and A.R.W., by and through KURT BENSHOOF,<br><br>Counter-Claimants,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1, NATHAN CLIBER, SARAH SPIERLING MACK, GREGORY NARVER, JESSICA OWEN, and BLAIR RUSS,<br><br>Counter-Defendants. | |

Plaintiff Kurt Benshoof moves to disqualify this Court, citing 28 U.S.C. § 455(a)(b)(5)(iii). Dkt. No. 60 at 2. Benshoof filed similar motions to disqualify in

ORDER DENYING MOTION TO DISQUALIFY - 1

his other cases before this Court, *Benshoof et al. v. Admon et al.*, No. 2:23-cv-1392, Dkt. No. 231 (W.D. Wash. June 7, 2024) and *Benshoof v. Keenan*, 2:24-cv-382, Dkt. No. 16 (W.D. Wash. June 10, 2024). He argues this Court has "an interest which could be substantially affected by the outcome of this proceeding," refencing a separate lawsuit he recently filed against this Court. Dkt. No. 60 at 3-4. Because the Court's impartiality cannot be reasonably questioned, the Court DENIES Benshoof's motion to voluntarily recuse, and REFERS the matter to United States District Chief Judge David Estudillo under Local Civil Rule 3(f).

## 1.  BACKGROUND

On June 7, 2024, Benshoof sued this Court. *See Benshoof v. Ferguson et al.*, No. 2:24-cv-00808-JHC (W.D. Wash. 2024). He argues, "[i]t is axiomatic that [the Court] cannot be a defendant in [*Benshoof v. Ferguson et al.*] while remaining impartial to adjudicate [this case]." Dkt. No. 60 at 3. He also argues that because *Benshoof v. Ferguson et al.* centers on the Court's "conspiracy [with] individuals working in the . . . Office of the Clerk, to deny Benshoof the issuance of summons" for two Defendants in this case, the Court has an interest that could be substantially impacted by the outcome of this litigation. *Id.* at 4.

The Court has already denied Benshoof's motion to voluntarily recuse in *Benshoof et al. v. Admon et al. See* No. 2:23-cv-1392, Dkt. No. 243 (W.D. Wash. June 28, 2024).

## 2.  DISCUSSION

If a party moves to recuse under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse

ORDER DENYING MOTION TO DISQUALIFY - 2

voluntarily." LCR 3(f). A federal judge must disqualify themself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).

"[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "If the challenged judge decides not to voluntarily recuse, [they] will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

Under Canon 3C(1)(d)(i) of the Code of Conduct for the United States Judges, a judge's impartiality might reasonably be questioned if they are a party to the proceeding. But if "[a] litigant with a case pending before a judge" responds to an adverse ruling by suing the judge, that judge is "not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant." Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009). "A complaint filed against a judge that is subject

ORDER DENYING MOTION TO DISQUALIFY - 3

to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant." *Id.* In this instance, "a nonmeritorious complaint, standing alone, *will not* lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and this will not require the judge to recuse." *Id.* (emphasis added).

Benshoof is frustrated by the Court's pace in dealing with the multiple motions pending here and his other cases, including the Court's withholding of summonses for Benshoof's amended counterclaims pending judicial review. But "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Thus, Benshoof's claims against the Court fall squarely within the scope of judicial immunity and will surely be dismissed.

As a result, the Court is not automatically required to recuse here even though Benshoof has named it as a defendant in a new case. Because reasonable minds would not question its impartiality under these circumstances, the Court declines to voluntarily recuse itself from this matter.

### 3. CONCLUSION

In sum, the undersigned DECLINES to recuse voluntarily. Benshoof's motion to disqualify, Dkt. No. 60, is REFERRED to United States District Chief Judge David Estudillo for decision.

1    Dated this 19th day of July, 2024.

                                    [signature]
                                    Jamal N. Whitehead
                                    United States District Judge

ORDER DENYING MOTION TO DISQUALIFY - 5