UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Seattle School District No. 1,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>Kurt Benshoof,<br><br>　　　　　　　Defendant. | CASE NO. 23-cv-01829-JNW<br><br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 60) |

　　　This matter comes before the Court on Defendant David Kurt Benshoof's motion for recusal. (Dkt. No. 60.) Defendant moved for the recusal of United States District Judge Jamal N. Whitehead, who denied the motion and declined to recuse. (Dkt. No. 65.) Pursuant to Local Civil Rule 3(f), "[w]henever a motion to recuse directed at a judge of this court is filed . . . the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge[.]" *Id.* Pursuant to the local rule, this Court now reviews Judge Whitehead's decision not to recuse. (Dkt. No. 65).

ORDER ON MOTION FOR RECUSAL (DKT. NO. 60) - 1

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a), (b)(1).  Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys.*, Inc., 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff Seattle School District No. 1 filed this action requesting declaratory relief defining its obligations to Defendant Benshoof under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, *et seq.*[1]  (Dkt. No. 1.)  On June 7, 2024, Benshoof filed suit in this district in Case No. No. 2:24-cv-00808-LK, and Judge Whitehead was a named defendant in that matter.  Defendant argues "[i]t is axiomatic that Whitehead cannot simultaneously be a defendant in WAWD No. 2:24-cv-00808-LK while remaining impartial to adjudicate WAWD No. 2:23-cv-1829-JNW."  (Dkt. No. 60 at 3.)

This is not the first time Benshoof has requested Judge Whitehead recuse himself.  This Court recently rejected a similar motion in Case Number 2:23-cv-01392-JNW, addressing identical arguments:

---

[1] Judge Whitehead recently dismissed the complaint for lack of subject matter jurisdiction.  (Dkt. No. 67.)

ORDER ON MOTION FOR RECUSAL (DKT. NO. 60) - 2

Plaintiff questions Judge Whitehead's impartiality and seeks his recusal based on Plaintiff's decision to file another lawsuit, *Benshoof v. Ferguson et al*, No. 2:24-cv-00808-JHC, in which he names Judge Whitehead as a defendant. (Dkt. No. 231 at 2.) Plaintiff argues "[i]t is axiomatic" that Judge Whitehead "cannot simultaneously be a defendant in [*Benshoof v. Ferguson et al*.] while remaining impartial to adjudicate [this case]. Plaintiff also argues that because *Benshoof v. Ferguson et al.* centers on Judge Whitehead's delay in adjudicating his Fifth and Sixth Motions for Temporary Restraining Orders[] (Dkt. Nos. 129, 158), Judge Whitehead has an interest that could be substantially impacted by the outcome of this case. (*Id.* at 2–3.); *see* 28 U.S.C. § 455(a)(b)(5)(iii)."

*Benshoof v. Admon et al*, Case No. 2:23-cv-01392-JNW, Dkt. No. 252 at 2 (W.D. Wash. 2024). Because Judge Whitehead's decision concerning when to rule on Benshoot's motions is entitled to absolute judicial immunity, this Court found Judge Whitehead's status as a Defendant in *Benshoof v. Ferguson et al* could not serve as a basis for his impartiality and Benshoot's request for his recusal was not well-grounded. *Id.* at 3.

Given the nearly identical nature of the challenge to Judge Whitehead's impartiality in this case, for the same reasons the motion for Judge Whitehead's recusal in 23-cv-01392-JNW fails, so too does this motion fail. *See Benshoof v. Admon et al,* Case No. 2:23-cv-01392-JNW, Dkt. No. 252 at 2–3 (W.D. Wash. 2024) (analyzing Benshoof's motion under Cannon 3C(1)(d)(i)). Accordingly, and having considered the Defendant's motion, reviewing Judge Whitehead's order denying Defendant's motion for recusal, and the remainder of the record *de novo*, the Court AFFIRMS the denial of Defendant's motion for recusal. (Dkt. No. 65.)

DATED this 23rd day of July 2024.

David G. Estudillo
United States District Judge