HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE SCHOOL DISTRICT NO. 1,

        Plaintiff/Counterclaim Defendant,

    v.

KURT BENSHOOF,

        Defendant/Counterclaim Plaintiff,

A.R.W. by and through his father,
KURT BENSHOOF,

            Counterclaim Plaintiff,

    v.

NATHAN L. CLIBER, SARAH E.
SPIERLING MACK, GREGORY C.
NARVER, JESSICA R. OWEN, BLAIR M.
RUSS,

        Counterclaim Defendants.

No. 2:23-cv-01829-JNW

DISMISSED COUNTERCLAIM
DEFENDANTS SARAH E. SPIERLING
MACK AND GREGORY C.
NARVER'S COMBINED RESPONSE
TO DEFENDANT KURT
BENSHOOF'S MOTION TO VACATE
AND MOTION FOR IN CAMERA
REVIEW

NOTE ON MOTION CALENDAR:
February 6, 2025

## I.     INTRODUCTION

On July 19, 2024, this Court dismissed Plaintiff Seattle School District's Complaint for

Declaratory Relief for lack of subject matter jurisdiction, Dkt. # 67, and dismissed all of

Defendant Kurt Benshoof's ("Benshoof's") counterclaims, Dkt. # 66, disposing of this case in its

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 1
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

entirety. Benshoof subsequently filed a Notice of Appeal. Dkt. # 68. Now, six months after the Court dismissed all claims and counterclaims, and five months after Benshoof filed his Notice of Appeal, Benshoof has filed two motions before this Court: 1) a Motion to Vacate the Court's order dismissing Benshoof's counterclaims, Dkt. # 75; and 2) a Motion for in Camera Review of dismissed counterclaim defendants' e-mails with their legal counsel, Dkt. # 76. Due to the procedural posture of this case, both motions fail, and they lack merit in any event. For these reasons, the Court should deny Benshoof's Motion to Vacate and Motion for in Camera Review.

## II.    PROCEDURAL HISTORY

On November 28, 2023, Plaintiff Seattle School District No. 1 (the "District") filed a Complaint for Declaratory Relief regarding its obligations to respond to Benshoof's request for certain school records. *See* Dkt. # 67 at 3. In response, Benshoof filed a 42 U.S.C. § 1983 ("Section 1983") counterclaim against parties including general counsel to the District, Gregory Narver ("Narver"), and outside legal counsel to the District, Sarah Mack ("Mack"). *See* Dkt. # 66 at 2. Narver and Mack moved to dismiss Benshoof's counterclaims. *Id*. The Court granted their motions, and in an order dated July 19, 2024, dismissed all of Benshoof's counterclaims. *Id*. Specifically, the Court dismissed the Section 1983 claims against private parties, including Mack, "[b]ecause Benshoof's allegations against private parties lack state action," *id*. at 9, and against Narver because he "is entitled to qualified immunity," *id*. at 12. The Court also dismissed the District's Complaint for lack of subject matter jurisdiction. Dkt. # 67. The Court subsequently directed the Clerk to close the case. Dkt. # 68. Benshoof filed a Notice of Appeal to the Ninth Circuit Court of Appeals on August 21, 2024. Dkt. # 72. Despite the fact that his appeal remains pending, on January 15, 2025, Benshoof filed the present Motion to Vacate and Motion for in Camera Review before this Court.

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 2
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

### III.    ARGUMENT

**A. The District Court Lacks Jurisdiction to Hear Benshoof's Motion to Vacate, But Even If Benshoof Could Bring His Motion, It Lacks Merit.**

**1.   Benshoof's pending appeal precludes his Motion to Vacate.**

By filing his Notice of Appeal, Benshoof divested this Court of jurisdiction to hear his Motion to Vacate under Federal Rule of Civil Procedure ("Rule") 60(b). In the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), "the filing of a notice of appeal divests the district court of jurisdiction to dispose of [a Rule 60(b)] motion after an appeal has been taken, without a remand from [the appellate court]." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984); *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider motions to vacate judgment."). Thus, while a case is on appeal, "the district court [does] not have jurisdiction to decide [a Rule 60(b)] motion." *Scott*, 790 F.2d at 772. "To seek Rule 60(b) relief, [while a case is on appeal,] the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." *Id*. (original punctuation omitted). Benshoof failed to comply with these procedural requirements. Because he failed to first ask this Court to entertain his motion, and failed to seek and obtain remand from the Ninth Circuit, his Motion to Vacate is procedurally defective and must be denied.

**2.   Even if this Court could consider Benshoof's motion, it lacks merit.**

Even if Benshoof could overcome the procedural errors with his Motion to Vacate, he cannot prevail on the merits. Benshoof appears to move to vacate this Court's dismissal of his

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 3
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

counterclaims under both Rule 60(b)(2) and (3), *see* Dkt. # 75 at 1, but he cannot satisfy the requirements of either provision. The Court should thus refuse to entertain his motion.

First, Rule 60(b)(2), concerning new evidence, is inapplicable because Benshoof asks the court to vacate a pre-trial order of dismissal for failure to state a claim. Rule 60(b)(2) permits a trial court to relieve a party from a final judgment or order due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2). To prevail, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). "The plain terms of the Rule establish two predicate circumstances to move for such relief—there must have been a trial, and the evidence must have been unavailable within the period to move for a new trial under Rule 59(b)." *Creech v. Kind Lending LLC*, No. CV-22-00871-PHX-SMB, 2024 WL 4591811, at *8 (D. Ariz. Oct. 28, 2024). "[B]ecause Rule 60(b)(2) provides relief only after a trial has occurred," requests for "relief from [] pre-trial orders on motions to dismiss" are "outside the ambit of what the Rule allows the Court to consider." *Id*. This construction of the rule is particularly apt here, where Benshoof fails to demonstrate how any purported "newly discovered evidence" would change the Court's order that Benshoof's counterclaims fail as a matter of law. *See* Dkt. # 66 at 7, 9; *see also Myles v. Sullivan*, No. CV-04-05329-JAT, 2010 WL 4628688, at *3 (E.D. Cal. Nov. 8, 2010) ("The Court finds no reason to reconsider its prior order dismissing this case without prejudice . . . [where] Plaintiff has provided no facts to change the Court's prior holding."); *Aero/Chem Corp.*, 921 F.2d at 878. Here, no trial occurred. Accordingly, the relief he seeks is beyond the scope of Rule 60(b)(2) and his request for relief fails.

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 4
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Likewise, Rule 60(b)(3) is equally unavailing as the basis for Benshoof's motion. "To prevail [on a Rule 60(b)(3) motion to vacate], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Further, "the moving party must have a valid defense to the dismissal motion they wish the Court to vacate; otherwise it would be a 'fruitless gesture' to set aside the judgment[.]" *Puente v. Cnty. of Los Angeles*, No. CV075809PSGFMOX, 2008 WL 11452489, at *3 (C.D. Cal. July 3, 2008) (citing *Alexander v. Robertson*, 882 F.2d 421, 425 (9th Cir. 1989)).

It is difficult to decipher the exact "fraud" that Benshoof alleges. But even assuming that all of the allegations in his motion are true, none are relevant to the Court's order dismissing all counterclaims for "fail[ure] to state a claim that provides independent federal jurisdiction[.]" *See* Dkt. # 66 at 2; *see e.g., Naharaja v. Wray*, No. 3:13-CV-01261-HZ, 2015 WL 5970346, at *2 (D. Or. Oct. 12, 2015) ("[E]ven assuming Plaintiff's accusations, as outlandish as they are, were true, Plaintiff fails to establish grounds for relief under Rule 60(b)(3). None of Plaintiff's accusations are relevant to this Court's decision to dismiss Plaintiff's complaint because he failed to state a claim."). Benshoof does not, and cannot, prove that 1) the dismissed counterclaim defendants "obtained" the dismissal order "through fraud," and that 2) "the conduct complained of prevented [Benshoof] from fully and fairly presenting [a] defense" to dismissal. *See De Saracho*, 206 F.3d at 880. The Court dismissed the counterclaims in this matter on the basis that those Section 1983 claims lacked any support for the requisite state action element, Dkt. # 66 at 7-9, and because defendant Narver is immune, *id*. at 9-12. A connection between Benshoof's fraud allegations—to the extent he even makes them—and the dismissal of his counterclaims for

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 5
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

failure to state a claim as a matter of law, does not exist. Thus, Benshoof also fails to prove he is entitled to relief under Rule 60(b)(3).

In sum, the Court should deny Benshoof's Motion to Vacate as procedurally improper and because it fails on the merits.

**B.  Benshoof's Motion for In Camera Review Is Also Improper.**

Benshoof's Motion for in Camera Review is improper because the Court cannot grant the relief he seeks. Specifically, Benshoof seeks an order—in a now-closed case—compelling dismissed parties to produce their attorney-client privileged records. Benshoof seeks these records "under the crime-fraud exception to a claim of privileged communications." Dkt. # 76 at 2. Like his Motion to Vacate, his Motion for in Camera Review also fails on procedural and substantive grounds.

**1.  Benshoof may not compel production of documents to support his claims after those claims have been dismissed.**

The crime-fraud exception does not provide litigants an independent right to review documents. It is a basis for compelling discovery or trial evidence. *See Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1416 (S.D. Cal. 1994). Specifically, "the crime-fraud exception insures that the confidentiality enveloping the attorney-client relationship does not encompass communications 'made for the purpose of getting advice for the commission of a fraud or crime.'" *In re Grand Jury Proc.*, 87 F.3d 377, 381 (9th Cir. 1996) (quoting *United States v. Zolin*, 491 U.S. 554, 563, 109 S. Ct. 2619, 2627, 105 L.Ed.2d 469 (1989)); *see also Medicraft v. Washington*, No. 2:21-CV-01263-BJR, 2023 WL 3467360, at *3 (W.D. Wash. Apr. 21, 2023) (noting "crime-fraud exception applies when party seeking discovery has made prima

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 6
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

facie case that attorney advice was sought to further commission of a crime or fraud"). It is an exception to the rule that privileged communications are not discoverable in litigation.

As a means for compelling evidence, the crime-fraud exception has no applicability 1) after a final judgment where there is no further trial or discovery, *see e.g., Gill v. Mayorkas*, No. C20-939 MJP, 2022 WL 92986, at *2 (W.D. Wash. Jan. 10, 2022) (motion to compel is moot after motion to dismiss is granted); or 2) against individuals who are no longer parties to a lawsuit and thus could not be compelled to produce records, *see In re Chevron Corp.*, 633 F.3d 153, 168 (3d Cir. 2011) (order compelling dismissed party to produce documents would be unenforceable). Given that the Court already has dismissed this case, including the counterclaims, Benshoof has no basis to compel production of any materials, let alone privileged materials from the dismissed parties.

### 2.  Benshoof also fails to demonstrate that the crime-fraud exception applies here.

Even if the Court could consider Benshoof's Motion for in Camera Review (which it cannot), Benshoof also fails to make the requisite showing of a criminal or fraudulent scheme as necessary for the crime-fraud exception to apply. To compel production of privileged records under the crime-fraud exception, a party must first "show that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007) (cleaned up). Benshoof appears to allege "criminal assistance to [] kidnapping" as the requisite criminal scheme. Yet he does not, and cannot, cite to any kidnapping conviction or even a charge involving the dismissed counterclaim defendants. None exists. His opinion of what constitutes kidnapping is insufficient. *See id.* at 1091-96. Because Benshoof fails to demonstrate a criminal

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

scheme to invoke the crime-fraud exception, his Motion for in Camera Review also fails on its merits. The Court should deny the motion.

## IV.    CONCLUSION

For the reasons stated above, dismissed counterclaim defendants Mack and Narver respectfully request that the Court deny Benshoof's Motion to Vacate and Motion for in Camera Review.

I certify that this memorandum contains 2,035 words, in compliance with the Local Civil Rules.

DATED this 24th day of January, 2025.

PACIFICA LAW GROUP LLP

*s/ Jessica A. Skelton*
Jessica A. Skelton, WSBA #36748
*Attorneys for Counterclaim Defendants*
*Sarah E. Spierling Mack and Gregory C. Narver*

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 8
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750