HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE SCHOOL DISTRICT NO. 1,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>KURT BENSHOOF,<br><br>    Defendant/Counterclaim Plaintiff,<br><br>A.R.W. by and through his father, KURT BENSHOOF,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>NATHAN L. CLIBER, SARAH E. SPIERLING MACK, GREGORY C. NARVER, JESSICA R. OWEN, BLAIR M. RUSS,<br><br>    Counterclaim Defendants. | No. 2:23-cv-01829-JNW<br><br>DISMISSED COUNTERCLAIM DEFENDANTS SARAH E. SPIERLING MACK'S AND GREGORY C. NARVER'S RESPONSE TO COUNTERCLAIM PLAINTIFFS' MOTION FOR DISTRICT COURT TO ENTERTAIN THEIR MOTION TO VACATE<br><br>NOTE ON MOTION CALENDAR:<br>February 27, 2025 |

## I.   INTRODUCTION

After filing his improper Motion to Vacate the Court's order dismissing Benshoof's counterclaims, Dkt. #75, Benshoof now asks the Court to entertain his Motion to Vacate. Dkt. #79 ("Mot."). As Mack and Narver demonstrated in their Response to Benshoof's Motion to

MACK AND NARVER'S RESPONSE TO
COUNTERCLAIM PLAINTIFFS' MOTION TO
ENTERTAIN MOTION TO VACATE- 1
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Vacate, Dkt. #77 ("Vacate Response"), the Court should refuse to entertain Benshoof's Motion to Vacate because no fraud allegation, even if Benshoof could prove one, would be relevant to the Court's order dismissing all counterclaims for "fail[ure] to state a claim that provides independent federal jurisdiction[.]" *See* Dkt. #66 at 2.[1] Further, as discussed below, Benshoof's fraud allegations fail on their merits. Narver's actions to ensure that the District complied with the law and did not enable Benshoof to violate a valid Restraining Order against him—which Benshoof was subsequently convicted of violating more than 80 times—constitute neither fraud nor misconduct. For this additional reason, the Court should refuse to entertain Benshoof's Motion.

## II.     FACTS

On November 28, 2023, Plaintiff Seattle School District No. 1 (the "District") filed a Complaint for Declaratory Relief regarding its obligations to respond to Benshoof's request for certain school records, which the District withheld due to a no-stalking Restraining Order issued against Benshoof on October 21, 2022, by King County Superior Court Judge David Keenan. *See* Dkt. #67 at 3; Dkt. #30 (Declaration of Gregory C. Narver in Support of Motion for Summary Judgment), Ex. J. Specifically, the District redacted certain information in its response to Benshoof, which would enable Benshoof to locate the protected individuals and which the District believed would be in violation of the Restraining Order. In response to the action, Benshoof filed a 42 U.S.C. § 1983 ("Section 1983") counterclaim against parties including

---

[1] *See also Naharaja v. Wray*, No. 3:13-CV-01261-HZ, 2015 WL 5970346, at *2 (D. Or. Oct. 12, 2015) ("[E]ven assuming Plaintiff's accusations, as outlandish as they are, were true, Plaintiff fails to establish grounds for relief under Rule 60(b)(3). None of Plaintiff's accusations are relevant to this Court's decision to dismiss Plaintiff's complaint because he failed to state a claim."); *Hart v. Skagit Cnty. Auditor Sandra Perkins*, No. 2:23-CV-00404-RSL, 2024 WL 1886066, at *3 (W.D. Wash. Apr. 30, 2024) (denying motion because "[e]ven if" plaintiff's counsel engaged in alleged fraud, that "does not change the fact that plaintiff's claims failed as a matter of law").

MACK AND NARVER'S RESPONSE TO
COUNTERCLAIM PLAINTIFFS' MOTION TO
ENTERTAIN MOTION TO VACATE- 2
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

general counsel to the District, Gregory Narver ("Narver"), and outside legal counsel to the District, Sarah Mack ("Mack"). *See* Dkt. #66 at 2. Narver and Mack moved to dismiss Benshoof's counterclaims. *Id*. The Court granted their motions, and in an Order dated July 19, 2024, dismissed all of Benshoof's counterclaims. *Id*. The Court also dismissed the District's Complaint for lack of subject matter jurisdiction. Dkt. #67.

Meanwhile, Benshoof found other ways to stalk the protected individuals and violate the Restraining Order. Significantly, in the nearly seven months since this Court dismissed Benshoof's counterclaims, Benshoof was convicted in Seattle Municipal Court of 81 criminal counts related to custodial interference and violation of the Restraining Order. *See City of Seattle v. Benshoof*, SMC Nos. 671384, 676175, 676207, 676216, 676463, 676492.[2] Separately, Benshoof is awaiting trial in King County Superior Court on felony counts of stalking. *See State of Washington v. Benshoof*, KCSC No. 24-1-02680-7 SEA.

### III.  ARGUMENT

The Court should refuse to entertain Benshoof's Motion to Vacate because he does not and cannot identify any "fraud[], misrepresentation, or misconduct by an opposing party." Rule 60(b)(3). "To justify setting aside a final order on the ground of fraud" under Rule 60(b)(3), the moving party must demonstrate fraudulent "acts of the adverse party [that] prevented the losing party from fully and fairly presenting his case or defense." *Keys v. Dunbar*, 405 F.2d 955, 957–58 (9th Cir. 1969) (cleaned up). "[M]otions for relief under Rule 60(b) are not [] granted unless the movant can demonstrate a meritorious claim or defense". *Lepkowski v. United States Dep't*

---

[2] This Court may take judicial notice of these state court proceedings, which are matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Gustafson-Feis v. Reliance Standard Life Ins. Co.*, 535 F. Supp. 3d 1076, 1080 (W.D. Wash. 2021) ("court filings are matters of public record appropriately subject to judicial notice").

MACK AND NARVER'S RESPONSE TO
COUNTERCLAIM PLAINTIFFS' MOTION TO
ENTERTAIN MOTION TO VACATE- 3
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986). Where a movant's fraud argument is merely an "attempt to relitigate the issue central to the merits of [a] case" the motion must be denied "[a]s the merits of a case are not before the court on a Rule 60(b) motion." *Casey v. Albertson's Inc*, 362 F.3d 1254, 1261 (9th Cir. 2004).

Rather than alleging fraud or misconduct that prevented him from proving his counterclaims, Benshoof merely tries to relitigate his dismissed counterclaims. Benshoof claims that he "obtained newly discovered evidence of perjury, subornation of perjury, and extrinsic fraud by counterclaim defendants." Mot. at 2. This purported "evidence" entails "emails and phone calls" at the time when Mack and Narver "initiated the instant case." *Id*. Contrary to Benshoof's assertions, the emails upon which he relies do not demonstrate or infer any fraud. Instead, the correspondence reflects that after reviewing the Restraining Order which had previously been provided to the District, and communicating with counsel for the protected individuals, Narver was attempting to determine whether the Restraining Order was still in effect and whether the District was obligated to provide Benshoof certain information protected by the Restraining Order. Further, the correspondence reflects Narver's concern that releasing the information would enable Benshoof to violate the Restraining Order and stalk the protected individuals and could violate Family Education Rights and Privacy Act ("FERPA") protections. *Id*. at 3; *see also* Dkt. #30, ¶¶ 9-10. Benshoof appears to argue that Narver engaged in fraud by carrying out his due diligence to ensure that the District complied with the law. Thus, Benshoof fails to provide any evidence of fraud in support of his request that the Court entertain his Motion to Vacate the dismissal of the counterclaims against Narver and Mack.

More importantly, events since Narver took steps to confirm the District's compliance with the Restraining Order demonstrate that the District had good reason to redact information

MACK AND NARVER'S RESPONSE TO
COUNTERCLAIM PLAINTIFFS' MOTION TO
ENTERTAIN MOTION TO VACATE- 4
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

that would enable Benshoof's stalking and related criminal behavior. Benshoof has since been charged and convicted of multiple criminal counts related to violation of the Restraining Order, stalking of the protected individuals, and evasion from law enforcement officials. *See* Section II above. Entertaining Benshoof's Motion to Vacate would only empower his criminal conduct. The Court should decline his request.

Finally, the Court also should decline Benshoof's request to vacate dismissal of the meritless counterclaims in this case, as this Court has recently entered an Order Declaring Benshoof a Vexatious Litigant in *Benshoof v. Admon, et al.*, Case No. 2:23-cv-01392-JNW, Dkt. #264 ("Vexatious Litigant Order"). The Vexatious Litigant Order recognizes that Benshoof has engaged in a pattern of vexatious litigation against the District's counsel, among others. *See id*. at 7. The Court should bring finality to this matter and deny Benshoof's request to vacate the dismissal of his counterclaims for this additional reason.

### IV.    CONCLUSION

For the reasons stated above, and in Mack and Narver's prior Vacate Response, dismissed counterclaim defendants Mack and Narver respectfully request that the Court decline to entertain Benshoof's Motion to Vacate.

I certify that this memorandum contains 1,213 words, in compliance with the Local Civil Rules.

DATED this 20th day of February, 2025.

PACIFICA LAW GROUP LLP

*s/ Jessica A. Skelton*
Jessica A. Skelton, WSBA #36748
*Attorneys for Counterclaim Defendants
Sarah E. Spierling Mack and Gregory C. Narver*

MACK AND NARVER'S RESPONSE TO
COUNTERCLAIM PLAINTIFFS' MOTION TO
ENTERTAIN MOTION TO VACATE- 5
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750