UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE SCHOOL DISTRICT NO. 1, | CASE NO. 2:23-cv-1829 |
| Plaintiff, | ORDER |
| v. | |
| KURT BENSHOOF, | |
| Defendant. | |

| |
|---|
| KURT BENSHOOF., |
| Counter Claimant, |
| v. |
| NATHAN L. CLIBER, SARAH E. SPIERLING MACK, GREGORY C. NARVER, JESSICA R. OWEN, BLAIR M. RUSS, and SEATTLE SCHOOL DISTRICT NO. 1, |
| Counter Defendants. |

## 1.  INTRODUCTION

This matter comes before the Court on three related motions from Defendant and Counter Claimant Kurt Benshoof: (1) motion to vacate the Court's order

dismissing Benshoof's counterclaims, Dkt. No. 75; (2) motion for *in camera* review of specific emails between Counterclaim Defendants, Dkt. No. 76; and (3) motion requesting that the Court entertain Benshoof's motion under Federal Civil Rule of Procedure 60(b), Dkt. No. 79. The Court DENIES all three motions for the following reasons.

## 2.  BACKGROUND

Plaintiff and Counter Defendant Seattle School District No. 1 (the District) filed an action for declaratory relief seeking a judgment from this Court stating that it permissibly withheld certain information from Benshoof under the exceptions found in the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g). Dkt. No. 3 at 1. In response, Benshoof filed a slew of counterclaims against the District and Counter-Defendants King County, Nathan Cliber, Magalie Lerman, Sarah Spierling Mack, Gregory Narver, Jessica Owen, and Blair Russ, including alleged violations of his constitutional rights and various state laws. Dkt. No. 32.

On July 19, 2024, the Court dismissed the District's complaint for lack of subject matter jurisdiction. Dkt. No. 67. Then the Court analyzed whether, through his counterclaims, Benshoof established an independent basis for federal jurisdiction under 28 U.S.C. § 1331. Dkt. No. 66. Although Benshoof purported to plead eight counterclaims under 42 U.S.C. § 1983, the Court held that these causes of action failed to state a claim upon which relief may be granted. *Id.* at 16. Accordingly, the Court dismissed Benshoof's counterclaims and lacked an independent basis for jurisdiction to adjudicate Benshoof's state-law claims. *Id.*

On August 21, 2024, Benshoof filed a notice of appeal to the Ninth Circuit. Dkt. No. 72. Nearly five months later, on January 15, 2025, Benshoof moved to vacate the Court's dismissal of his counterclaims. Dkt. No. 75. The same day, he moved for in camera review of "specific emails between Counterclaim Defendants and/or their counsel under the crime-fraud exception to a claim of privileged communications." Dkt. No. 76 at 2. After Counterclaim Defendants responded by pointing out that Benshoof divested this Court of jurisdiction to decide his motion to vacate by filing an appeal, Benshoof filed a motion requesting that the Court entertain his Rule 60(b) motion. Dkt. No. 79.

## 3. DISCUSSION

### 3.1 Legal standard.

If a party files a Rule 60(b) motion while the case is on appeal, the district court is without jurisdiction to consider it. *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider motions to vacate judgment."). "To seek Rule 60(b) relief, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (internal quotation marks omitted).

Under Rule 60(b)(3), the court may relieve a party from a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). ""To prevail, the moving party must prove by clear and convincing evidence that the

1   verdict was obtained through fraud, misrepresentation, or other misconduct and the

2   conduct complained of prevented the losing party from fully and fairly presenting

3   the defense.'" *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting

4   *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

**3.2     Benshoof fails to show why the Court's ruling should be vacated.**

Benshoof argues the Court should grant his motion to vacate because he has

obtained new emails between Narver, Cliber, and Russ. Dkt. No. 79 at 2. Narver,

Seattle Public School's general counsel, emailed Cliber, a private attorney who

represented the mother of Benshoof's child in other suits. *Id.* at 3. The email

discusses whether Seattle Public Schools can provide Benshoof his son's records

given a "court order restricting . . . [his] right to know what school his son is

presently attending[.]" *Id.*

Benshoof objects to the District's reading of court orders produced during

family law proceedings. But this email does not constitute evidence of fraud that

would warrant consideration under Rule 60(b)(3).

Moreover, the Court dismissed Benshoof's Section 1983 claims against Cliber

and Russ for lack of state action. Dkt. No. 66 at 7-9. It dismissed Benshoof's claims

against Narver based on qualified immunity because Benshoof failed to state a

plausible violation of his constitutional rights. *Id.* at 12. Nothing in Benshoof's

motion changes the Court's analysis. Benshoof is simply trying to rehash his

previous arguments.

As to Benshoof's request for *in camera* review of various documents, he has no procedural right to compel documents for his dismissed claims.

## 4. CONCLUSION

Accordingly, this Court DENIES Benshoof's motions at Dkt. Nos. 75, 76, and 79.

Dated this 4th day of April, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 5