IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN

DISTRICT OF WASHINGTON

-------------------------------------------------------------------------------------------------------------------

SEATTLE SCHOOL DISTRICT NO. 1
               Plaintiffs,

V.
                                         **Case No. 2:23-CV-1829-JNW**
KURT BENSHOOF,

               Defendant.

KURT BENSHOOF and A.R.W., by and
through KURT BENSHOOF,

               Counter-Claimants,

v.

SEATTLE SCHOOL DISTRICT NO. 1,
NATHAN CLIBER, SARAH
SPIERLING MACK, GREGORY
NARVER, JESSICA OWEN, and
BLAIR RUSS,

               Counter-Defendants.

## NOTICE OF APPEAL

### REF: ORDER  Filed 04/04/25, [Dkt. No. 82]

    Plaintiff hereby gives notice to the Ninth Circuit Court of Appeals from the Court's Order Dkt. No. 82, dismissing   Counter Claimant'  (1) motion to vacate the Court's order dismissing Benshoof's counterclaims, Dkt. No. 75; (2) motion for in camera review of specific emails between Counterclaim Defendants, Dkt. No. 76; and (3) motion requesting that the Court entertain Benshoof's motion under Federal Civil Rule of Procedure 60(b), Dkt. No. 79. The Court DENIES all three motions for the following reasons. See Attached.

Respectfully submitted by,

_(signature)_

Kurt Benshoof, Pro Se
**King County Correctional Facility – Seattle**
B/A 2024-008067, UCN# 10518097
500 Fifth Ave., Seattle, WA 98104
kurtbenshoof@gmail.com

1

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.[1]

Signature: _____   Date: April 13, 2025

/URVE MAGGITTI /   urve.maggitti@gmail.com

---

[1] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

**AFFIDAVIT**

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[2]

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment **\*813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."*[3]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

"SEC. 35. And be it further enacted, **That in all courts** of the United States**, the parties may plead and manage their own causes <u>personally</u> <u>or by assistance of such counsel or attorneys at law</u>**" [4]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word ***attorneys at law*** from the Sixth Amendment, and substantially amended the language to read: ***"right to have the Assistance of Counsel."***

Signature: _____ Date: *April 13, 2025*

/URVE MAGGITTI / urve.maggitti@gmail.com

---

[2] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**
[3] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[4] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

**CERTIFICATE OF SERVICE**

The foregoing will be send to all counsel of record, via the CM/ECF system, which will send notice of electronic filing to all counsel of record, to the addresses listed below.

**Counsel For Defendants**
**Sarah Mack and Gregory Narver:**
Jessica Skelton, WSBA #36748
1191 Second Avenue, Suite 2000, Seattle, WA 98101
Email: jessica.skelton@pacificalawgroup.com
Phone: (206) 245-1700

**Counsel for Defendant**
**Nathan Cliber**:
Michael C. Tracy, WSBA #51226
Sarah N. Turner, WSBA #37748
701 Fifth Avenue, Suite 2100, Seattle, WA 98104
Email: sturner@grsm.com
Phone: (206) 695-5178
Email: mtracy@grsm.com

**Counsel for Defendant**
**Seattle School District No. 1:**
Sarah S. Mack, WSBA #32853
1191 Second Avenue, Suite 2000, Seattle, WA 98101
Phone: (206) 245-1700
Email: sarah.mack@pacificalawgroup.com

**Defendant Blair Russ:**
**Blair M. Russ, WSBA #40374**
1000 Second Avenue, Suite 3660, Seattle, WA 98104
Email: bmr@tbr-law.com
Phone: (206) 621-1871

**Defendant Jessica Owen**
849 NE 130th Street
Seattle, WA 98125
Email: ms.jadelicious@gmail.com
Phone: (206) 427-6170

**Defendant Magalie Lerman**
849 NE 130th Street, Seattle, WA 98125
Email: magalie.lerman@gmail.com
Phone: (303) 500-9723

4

## UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** | Western District of Washington at Seattle

**Form 1. Notice of Appeal from a Judgment or Order of a
United States District Court**

U.S. District Court case number: | 2:23-cv-1829

　　　　Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: | 11/28/2023

Date of judgment or order you are appealing: | 4/4/2025

Docket entry number of judgment or order you are appealing: | #84

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◯ Yes　◯ No　⦿ IFP was granted by U.S. District Court

**List all Appellants** *(List each party filing the appeal. Do not use "et al." or other abbreviations.)*

Kurt Benshoof

Is this a cross-appeal?　◯ Yes　　◯ No

If yes, what is the first appeal case number? | 24-03765,  24-05188

Was there a previous appeal in this case?　⦿ Yes　　◯ No

If yes, what is the prior appeal case number? |

Your mailing address (if pro se):

King County Correctional Facility – Seattle

500 Fifth Ave.B/A 2024-008067

City: | Seattle　　State: | WA　　Zip Code: | 98104

Prisoner Inmate or A Number (if applicable): |

**Signature** | s/Kurt Benshoof　　**Date** | 4/13/2025

*Complete and file with the attached representation statement in the U.S. District Court*
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**　　　　　　　　　　　　　　　　　　　　*Rev. 06/09/2022*



# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*
Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?     ○ Yes     ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*
Name(s) of party/parties:

Sarah Mack and Gregory Narver

Name(s) of counsel (if any):

Jessica Skelton, WSBA #36748

Address: 1191 Second Avenue, Suite 2000 Seattle, WA 98101

Telephone number(s): jessica.skelton@pacificalawgroup.com

Email(s): (206) 245-1700

*To list additional parties and/or counsel, use next page.*



*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

## **Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ⊙ Yes    ⊙ No

## **Appellees**

Name(s) of party/parties:

Nathan Cliber

Name(s) of counsel (if any):

Michael C. Tracy, WSBA #51226
Sarah N. Turner, WSBA #37748

Address:  701 Fifth Avenue, Suite 2100, Seattle, WA 98104

Telephone number(s): (206) 695-5178

Email(s):  sturner@grsm.com ;  mtracy@grsm.com

Name(s) of party/parties:

Seattle School District No. 1:

Name(s) of counsel (if any):

Sarah S. Mack, WSBA #32853

Address:  1191 Second Avenue Suite 2000 Seattle, WA 98101

Telephone number(s): (206) 245-1700

Email(s):  sarah.mack@pacificalawgroup.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                              *2*                              *New 12/01/2018*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?     ○ Yes     ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Blair M. Russ, WSBA #40374

Name(s) of counsel (if any):

Address:   1000 Second Avenue, Suite 3660, Seattle, WA 98104

Telephone number(s):   (206) 621-1871

Email(s):   bmr@tbr-law.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *New 12/01/2018*



Continued list of parties and counsel: *(attach additional pages as necessary)*

## **Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

## **Appellees**

Name(s) of party/parties:

Defendant Jessica Owen

Name(s) of counsel (if any):

Address: 849 NE 130th Street Seattle, WA 98125

Telephone number(s): (206) 427-6170

Email(s): ms.jadelicious@gmail.com

Name(s) of party/parties:

Defendant Magalie Lerman

Name(s) of counsel (if any):

Address: 849 NE 130th Street, Seattle, WA 98125

Telephone number(s): magalie.lerman@gmail.com

Email(s): (303) 500-9723

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**    2    *New 12/01/2018*

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
7                            AT SEATTLE

8  SEATTLE SCHOOL DISTRICT NO. 1,      CASE NO. 2:23-cv-1829

                   Plaintiff,          ORDER
9
          v.
10
   KURT BENSHOOF,
11
                   Defendant.
12
   ───────────────────────────
13  KURT BENSHOOF.,

14                 Counter Claimant,

15        v.

16  NATHAN L. CLIBER, SARAH E.
    SPIERLING MACK, GREGORY C.
17  NARVER, JESSICA R. OWEN, BLAIR
    M. RUSS, and SEATTLE SCHOOL
18  DISTRICT NO. 1,

19                 Counter Defendants.

20

21               **1.  INTRODUCTION**

22      This matter comes before the Court on three related motions from Defendant

23  and Counter Claimant Kurt Benshoof: (1) motion to vacate the Court's order

ORDER - 1

1    dismissing Benshoof's counterclaims, Dkt. No. 75; (2) motion for *in camera* review of

2    specific emails between Counterclaim Defendants, Dkt. No. 76; and (3) motion

3    requesting that the Court entertain Benshoof's motion under Federal Civil Rule of

4    Procedure 60(b), Dkt. No. 79. The Court DENIES all three motions for the following

5    reasons.

## 2.  BACKGROUND

7      Plaintiff and Counter Defendant Seattle School District No. 1 (the District)

8    filed an action for declaratory relief seeking a judgment from this Court stating that

9    it permissibly withheld certain information from Benshoof under the exceptions

10    found in the Family Education Rights and Privacy Act (FERPA), 20 U.S.C.

11    § 1232(g). Dkt. No. 3 at 1. In response, Benshoof filed a slew of counterclaims

12    against the District and Counter-Defendants King County, Nathan Cliber, Magalie

13    Lerman, Sarah Spierling Mack, Gregory Narver, Jessica Owen, and Blair Russ,

14    including alleged violations of his constitutional rights and various state laws. Dkt.

15    No. 32.

16      On July 19, 2024, the Court dismissed the District's complaint for lack of

17    subject matter jurisdiction. Dkt. No. 67. Then the Court analyzed whether, through

18    his counterclaims, Benshoof established an independent basis for federal

19    jurisdiction under 28 U.S.C. § 1331. Dkt. No. 66. Although Benshoof purported to

20    plead eight counterclaims under 42 U.S.C. § 1983, the Court held that these causes

21    of action failed to state a claim upon which relief may be granted. *Id.* at 16.

22    Accordingly, the Court dismissed Benshoof's counterclaims and lacked an

23    independent basis for jurisdiction to adjudicate Benshoof's state-law claims. *Id.*

1    On August 21, 2024, Benshoof filed a notice of appeal to the Ninth Circuit.

2 Dkt. No. 72. Nearly five months later, on January 15, 2025, Benshoof moved to

3 vacate the Court's dismissal of his counterclaims. Dkt. No. 75. The same day, he

4 moved for in camera review of "specific emails between Counterclaim Defendants

5 and/or their counsel under the crime-fraud exception to a claim of privileged

6 communications." Dkt. No. 76 at 2. After Counterclaim Defendants responded by

7 pointing out that Benshoof divested this Court of jurisdiction to decide his motion to

8 vacate by filing an appeal, Benshoof filed a motion requesting that the Court

9 entertain his Rule 60(b) motion. Dkt. No. 79.

10                            **3.  DISCUSSION**

11   **3.1    Legal standard.**

12    If a party files a Rule 60(b) motion while the case is on appeal, the district

13 court is without jurisdiction to consider it. *Gould v. Mut. Life Ins. Co. of New York*,

14 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the

15 district court, the latter is without jurisdiction to consider motions to vacate

16 judgment."). "To seek Rule 60(b) relief, the proper procedure is to ask the district

17 court whether it wishes to entertain the motion, or to grant it, and then move [the

18 Ninth Circuit], if appropriate, for remand of the case." *Scott v. Younger*, 739 F.2d

19 1464, 1466 (9th Cir. 1984) (internal quotation marks omitted).

20    Under Rule 60(b)(3), the court may relieve a party from a final judgment

21 based on "fraud (whether previously called intrinsic or extrinsic),

22 misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3).

23 "'To prevail, the moving party must prove by clear and convincing evidence that the

ORDER - 3

1  verdict was obtained through fraud, misrepresentation, or other misconduct and the

2  conduct complained of prevented the losing party from fully and fairly presenting

3  the defense.'" *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting

4  *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

### 3.2    Benshoof fails to show why the Court's ruling should be vacated.

Benshoof argues the Court should grant his motion to vacate because he has

obtained new emails between Narver, Cliber, and Russ. Dkt. No. 79 at 2. Narver,

Seattle Public School's general counsel, emailed Cliber, a private attorney who

represented the mother of Benshoof's child in other suits. *Id.* at 3. The email

discusses whether Seattle Public Schools can provide Benshoof his son's records

given a "court order restricting . . . [his] right to know what school his son is

presently attending[.]" *Id.*

Benshoof objects to the District's reading of court orders produced during

family law proceedings. But this email does not constitute evidence of fraud that

would warrant consideration under Rule 60(b)(3).

Moreover, the Court dismissed Benshoof's Section 1983 claims against Cliber

and Russ for lack of state action. Dkt. No. 66 at 7-9. It dismissed Benshoof's claims

against Narver based on qualified immunity because Benshoof failed to state a

plausible violation of his constitutional rights. *Id.* at 12. Nothing in Benshoof's

motion changes the Court's analysis. Benshoof is simply trying to rehash his

previous arguments.

ORDER - 4

As to Benshoof's request for *in camera* review of various documents, he has no procedural right to compel documents for his dismissed claims.

## 4. CONCLUSION

Accordingly, this Court DENIES Benshoof's motions at Dkt. Nos. 75, 76, and 79.

Dated this 4th day of April, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 5